IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MADDEN HOME DESIGN, LLC AND ) <br> HOUSE PLAN ZONE, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> V. ) <br> ) <br> COUNTRYSIDE DEVELOPMENTS, LLC, ) <br> COUNTRYSIDE HOME BUILDING, LLC, ) <br> ZEB PARDUE, ) <br> LARUE CUSTOM HOMES, LLC ) <br> CENTURY 21 FIRST GROUP, ) <br> MELISSA LARUE, SHANE LARUE, ) <br> KELLY GRIMES d/b/a THE PLAN SHOP ) <br> AND JOHN DOES 1-5, ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. 4:24-cv-200 <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Madden Home Design, LLC ("Madden") and House Plan Zone, LLC ("HPZ") file this their complaint against Defendants, Countryside Developments, LLC, Countryside Home Building, LLC, Zeb Pardue, LaRue Custom Homes, Century 21 First Group, Melissa LaRue, Shane LaRue and John Does 1-5 (collectively "Defendants") stating as follows:

**JURISDICTION/VENUE**

1. This claim arises under the copyright laws of the United States, 17 U.S.C 101 *et. Seq.,* (hereinafter the Copyright Act.).

2. Subject matter and personal jurisdiction are vested in this Court pursuant to 28 U.S.C. 1338. Additionally, this Court has subject matter jurisdiction under 28 U.S.C 1331 inasmuch as this claim arises under the copyright laws of the United States. Venue in this judicial district is proper pursuant to 28 U.S.C. 1400(a) and 28 U.S.C. 1391(b) and (c). Each of the Defendants is subject to

1

jurisdiction and venue in this Court because they transact business in this district on a regular basis and the copyright infringement alleged took place in this District.

## THE PARTIES

3. Madden Home Design, LLC ("MHD") is a Louisiana limited liability company engaged in the business of creating, publishing, advertising, and licensing residential home design, and has a principal place of business in Denham Springs, Louisiana.

4. House Plan Zone, LLC ("HPZ") is a Mississippi limited liability company engaged in the business of creating, publishing, advertising, and licensing residential home design, and has a principal place of business in Hattiesburg, Mississippi.

5. Countryside Developments, LLC ("Countryside Developments") is a Texas limited liability company doing business in Texas and will receive notice of this complaint by service upon its registered agent, Tara Pardue, at 5201 CR 2720, Caddo Mills, Texas or wherever she may be found.

6. Countryside Home Building, LLC ("Countryside Home") is a Texas limited liability company doing business in Texas and will receive notice of this complaint by service upon its registered agent, 5101 CR 2720, Caddo Mills, Texas or wherever he may be found.

7. LaRue Custom Homes, LLC ("LCH") is a Texas limited liability company doing business in Texas and will receive notice of this company by service upon its registered agent, Shane LaRue, at 5101 CR 2720, Caddo Mills, Texas, or wherever he may be found.

8. Century 21 First Group ("Century 21") is a Texas corporation doing business in Texas and will receive notice of this company by service upon its registered agent, Deborah Rogers Wright, 1067 Gilmer Street, Suite A, Sulphur Springs, Texas, or wherever she may be found.

9. Melissa LaRue is an adult resident citizen of Texas and may be served with process of this Honorable Court by service at her home address of 5205 Larue Drive, Caddo Mills, Texas, or wherever she may be found.

10. Shane LaRue is an owner and member of LaRue Custom Homes and may be served with process at 5101 CR 2720, Caddo Mills, Texas, or wherever he may be found. It is believed that he was also an owner and member of Countryside Development, LLC.

11. Zeb Pardue is an owner and member of Countryside Developments, LLC and Countryside Home Building, LLC and may be served with process at 5201 CR 2720, Caddo Mills, Texas, or wherever he may be found.

12. Kelly Grimes d/b/a The Plan Shop is a resident of Sulphur Spring, Texas and may be served at 1428 S. Broadway, Sulphur Springs, Texas.

13. John Does 1-5 are other individuals or entities that were involved in the alleged copyright infringement, but whose names are unknown at this time.

## INTRODUCTORY FACTS

14. HPZ is engaged in the business of residential design, and are the authors of, and at all times relevant to this claim, have been and are now the sole owners and proprietor of all right, title and interest in and to the copyright of a certain home designs known as "*Abrams – BB - 2201*" attached as Exhibit 1, "*Cypress Court – BB - 2373*" attached as Exhibit 2, "*Hudson – BB – 3086*" attached as Exhibit 3, "*Maple – 2864B*" attached as Exhibit 4, "*Sandalwood – BB-1657*" attached as Exhibit 5, "*Courtland Drive – BB - 2589*", attached as Exhibit 6, and "*Aubrey – BB - 1416*" attached as Exhibit 7, along with related elevation renderings and marketing materials.

15. HPZ has complied in all respects with Title 17 of the United States Code and all other United States laws governing copyrights and have secured the exclusive rights and privileges in and to the copyrights to the above-described architectural designs. Each of the plans and copyrights constitute material original to HPZ, including the overall look and feel of the works, and the selection and arrangement of the constituents' parts of the work.

16. HPZ owns certain rights in and issued by the U.S. Registrar of Copyrights in Washington, D.C. on for architectural plans called "*Abrams – BB - 2201*", "*Cypress Court – BB - 2373*", "*Hudson – BB – 3086*", "*Maple – 2864B*", "*Sandalwood – BB-1657*", "*Courtland Drive – BB - 2589*", and "*Aubrey – BB - 1416*".

17. HPZ's copyrights in the above-described work are presently valid and subsisting from the moment of its creation, and all conditions precedent to the filing of this suit have occurred.

18. MHD is engaged in the business of residential design, and are the authors of, and at all times relevant to this claim, have been and are now the sole owners and proprietor of all right, title and interest in and to the copyright of a certain home design known as "*White Oak Farmhouse*", along with related elevation renderings and marketing materials.

19. MHD has complied in all respects with Title 17 of the United States Code and all other United States laws governing copyrights and have secured the exclusive rights and privileges in and to the copyrights to the above-described architectural designs. Each of the plans and copyrights constitute material original to MHD, including the overall look and feel of the works, and the selection and arrangement of the constituents' parts of the work.

20. MHD owns certain rights in and issued by the U.S. Registrar of Copyrights in Washington, D.C. on for architectural plans called "*White Oak Farmhouse,*" attached as Exhibit "8".

21. MHD's copyright in the above-described work is presently valid and subsisting from the moment of its creation, and all conditions precedent to the filing of this suit have occurred.

## CONTEXTUAL FACTS

22. Upon information and belief, the Defendants were aware the "*Abrams – BB - 2201*", "*Cypress Court – BB - 2373*", "*Hudson – BB – 3086*", "*Maple – 2864B*", "*Sandalwood – BB-1657*", "*Courtland Drive – BB - 2589*", "*Aubrey – BB - 1416*" and "*White Oak Farmhouse*" plans were

available for purchase over the internet and would have been put on notice that the plans were copyrighted.

23. Upon information and belief, the Defendants have never purchased a license to construct and market the "*Abrams – BB - 2201*", "*Cypress Court – BB - 2373*", "*Hudson – BB – 3086*", "*Maple – 2864B*", "*Sandalwood – BB-1657*", "*Courtland Drive – BB - 2589*", *Aubrey – BB - 1416*" and "*White Oak Farmhouse*" plans and did not have permission to construction or advertise these plans or a derivative of these plans.

24. Upon information and belief, the Defendants infringed upon the copyrights of MHD and HPZ by taking the "*Abrams – BB - 2201*", "*Cypress Court – BB - 2373*", "*Hudson – BB – 3086*", "*Maple – 2864B*", "*Sandalwood – BB-1657*", "*Courtland Drive – BB - 2589*", *Aubrey – BB - 1416*" and "*White Oak Farmhouse*" plans they found on the internet by either constructing them as drawn or redrawing them to be virtually identical to the original plans and claiming it as their own.

25. Upon information and belief, they would Melissa LaRue, Shane LaRue, Zeb Pardue, or others associated with LaRue Custom Homes, Countryside Home, or Countryside Development would take clips from MHD or HPZ plans from the internet and send to Kelly Grimes or others for modification.

26. After Melissa LaRue, Shane LaRue, Zeb Pardue, and LaRue Custom Homes, Countryside Home, and Countryside Development were put on notice of alleged copyright infringement complaints, they provided the name of David Stanfield with Moonshine Drafting and Design as one of the designers they would acquire plans from.

27. After being contacted, Stanfield informed Plaintiffs that he would be sending me clips or screenshots of plans with markups on them and notes with changes they wanted me to make to the plans. Stanfield Affidavit, attached as Exhibit "9".

28. An example of clips of HPZ plans sent to David Stanfield for modification is attached as STANFIELD 000001-000006.

29. The Defendants knew or should have known that MHD and HPZ were the owners of the copyrighted plans "*Abrams – BB - 2201*", "*Cypress Court – BB - 2373*", "*Hudson – BB – 3086*", "*Maple – 2864B*", "*Sandalwood – BB-1657*", "*Courtland Drive – BB - 2589*", *Aubrey – BB - 1416*" and "*White Oak Farmhouse*" because they found them on the internet and used images and renderings prepared by MHD and HPZ and used without permission for marketing purposes.

30. That David Stanfield began adding the following language to his plans he did for Shane LaRue:

> "To the best of my knowledge these plans were and are original designs and thoughts of the homeowner or contractor, and I shall not be held responsible for any copyright infringement. Furthermore, these plans are drawn to comply with owner's and or builder's specifications and any changes made to them after final prints are made will be done at the owner's and or builder's expense. The contractor(s) shall verify all dimensions of enclosed drawings. While every effort has been made in preparation of this plan to avoid mistakes, the make can not guarantee against error. The contractor(s) of this job must check all dimensions and other details prior to construction and be solely responsible thereafter."

Stanfield Affidavit, attached as Exhibit "9".

31. That Melissa LaRue, Shane LaRue, Zeb Pardue, or others associated with LaRue Custom Homes, Countryside Home, or Countryside Development, or Century 21 continued to use the plans despite the fact that they knew or should have known the plans were not the "original designs and thoughts of the homeowner or contractor…"

32. Defendants have publicly claimed the plans as their own, thus creating an incentive for other potential customers of MHD and HPZ not to purchase the plans, resulting in lost revenue, and confusion as to the owner of the copyrighted plans.

6

33. Shane LaRue is an experienced builder, as owner and member of LaRue Custom Homes and Countryside Developments, LLC and knew or reasonably should have known that copyright works such as the house plans at issue are protected by copyrights. Furthermore, Shane LaRue has a financial interest in LaRue Custom Homes and Countryside Developments, LLC and the power and ability to supervise LCH and Countryside Developments activities.

34. Zeb Pardue is an experienced builder, as owner and member of Countryside Home Building, LLC and Countryside Developments, LLC and knew or reasonably should have known that copyright works such as the house plans at issue are protected by copyrights. Furthermore, Zeb Pardue has a financial interest in Countryside Home Building, LLC and Countryside Developments, LLC and power and ability to supervise Countryside activities.

35. Melissa LaRue acted as an agent for the sale of houses built with copyrighted infringing plans.  At the time, Melissa LaRue was employed by Century 21. All actions taken concerning the listing of houses built with copyrighted plans were done in the course and scope of her employment with Century 21.

36. Melissa LaRue is an experienced realtor and knew or reasonably should have known that copyright works such as the house plans at issue are protected by copyrights. Melissa LaRue was involved in the selection of plans and involved in making minor modifications to them.  Melissa LaRue marketed or advertised the constructed house when she knew or should have known of the copyright infringement. Furthermore, Melissa LaRue has a financial interest in the sale of houses built with copyright infringing plans and personally benefits financially from their sale.

37. Kelly Grimes d/b/a The Plan Shop is an experienced residential designer and knew or reasonably should have known that copyright works such as the house plans at issue are protected by copyrights. Grimes made minor modifications or completely redrew MHD or HPZ copyrighted plans because it was in her financial interest to do so.

## NOTICE TO DEFENDANTS

38. On or about November 14, 2023, by and through their attorney, MHD and HPZ placed the Defendants Countryside Developments, LLC, LaRue Custom Homes, LLC, Shane LaRue, Melissa LaRue, and Century 21 Group on notice of the alleged copyright infringement. Upon information and belief, they notified other potential defendants of allegations.

39. A response to this demand denied any copyright infringement and said that at most, Defendants were innocent infringers and offered $200 total as settlement. Defendants refused to produce any documents and did not provide evidence of license to use the plans of HPZ or MHD.

40. Follow-up correspondence to Defendants and counsel for Defendants failed to meet any of the demands for information, including a copy of the plans it claimed were actually built.

41. On or about December 27, 2023, by and through their attorney, MHD and HPZ placed the Defendant Kelly Grimes d/b/a The Plan Shop on notice of the claims of copyright infringement.

42. Kelly Grimes d/b/a The Plan Shop responded through counsel but refused to produce any documents.

## CAUSES OF ACTION

43. Plaintiffs reallege and incorporate herein by reference each and every prior allegation as if set forth herein.

44. Defendants have infringed MHD's and HPZ's copyrights in and to the above-described plans by scanning, copying, designing, advertising, building, and/or reproducing unauthorized copies and/or derivatives of said plans within the United States.

45. Defendants either willfully or non-willfully infringed MHD's and HPZ's copyrights in and to the plans, by constructing or having constructed one or more houses using the copied plans or derivatives thereof and realizing profits therefrom.

46. Defendants either willfully or non-willfully infringed upon MHD's and HPZ's copyrights by using them without permission, advertising them for sale and claiming them as their own.

47. Upon information and belief, Defendants intend to continue its willful conduct and will continue to infringe upon MHD and HPZ copyrights and to act in bad faith unless restrained and enjoined by the Court, thereby.

## CAUSATION/DAMAGES

48. Plaintiffs reallege and incorporate herein by reference each and every prior allegation as if set forth herein.

49. As a proximate result of the above-described acts of copyright infringement, MDH and HPZ have sustained lost profits and/or licensing revenue in an amount not yet ascertained.

50. Pursuant to 17 U.S.C. §504(b), Plaintiffs are entitled to recover from each Defendant, jointly and severally, its actual damages suffered as a result of these infringements.

51. Pursuant to 17 U.S.C. §504(b), Plaintiffs are entitled to recover from each Defendant, all profits that are attributable to these infringements.

52. Shane LaRue and Melissa LaRue each materially induced, assisted, or caused the acts of infringement of Countryside Developments, LCH and Century 21, and thus have committed contributory infringement and are jointly and severally liable for any award against Countryside Developments, LCH and Century 21.

53. Zeb Pardue materially induced, assisted, or caused the acts of infringement of Countryside Developments and Countryside Home, and thus have committed contributory infringement and are jointly and severally liable for any award against Countryside Developments and Countryside Home Building.

54. LCH and Countryside Developments are vicariously liable for the infringements committed by Melissa LaRue, Zeb Pardue and Shane LaRue.

55. Century 21 is vicariously liable for the infringements committed by Melissa LaRue.

56. Countryside Home Building and Countryside Developments are vicariously liable for the infringements committed by Zeb Pardue.

57. LCH, Countryside Developments, Countryside Home Building, Century 21, and Kelly Grime d/b/a The Plan Shop are practical partners in the infringing activities described above and as such each of them is jointly and severally liable for any award entered against each other.

58. Additionally, Defendants' infringements have caused damage to the business relationship between MHD, HPZ and its customers and potential customers, diluted the local market for sales of its house plans, and generally caused MHD and HPZ a loss of good will and reputation in the community.

59. Pursuant to 17 U.S.C. §502, Plaintiffs are entitled to preliminary and permanent injunctive relief to restrain copyright infringement of the copyrighted works, including, but not limited to further reproduction or distribution of infringing plans and marketing materials of the infringing houses.

60. Pursuant to 17 U.S.C. §503(b), Plaintiffs are entitled to an order requiring the destruction of or other reasonable disposition of all infringing copies of plans found to have been made in violation of copyrights.

## **MONETARY RELIEF REQUESTED**

61. Plaintiffs reallege and incorporate herein by reference each and every prior allegation as if set forth herein.

62. MHD and HPZ demand an accounting by Defendants of their activities in connection with their infringements of its copyright in and to the above-described and attached plans, as well as their gross profits and income derived therefrom.

63. MHD and HPZ are entitled and seek to recover their actual damages plus all the profits of Defendants attributable to the infringements, plus attorney's fees.

64. Alternatively, to the extent the plans were registered prior to Defendant' infringements, MMH and HPZ are entitled to and seek to recover statutory damages *per infringement,* plus reasonable and necessary attorney's fees.

65. MHD and HPZ also seek to recover the professional fees and expenses of any expert witnesses it should retain in the prosecution of this action.

## OTHER RELIEF REQUESTED & PRAYER

66. MHD and HPZ request that the Defendants, their agents, employees and/or servants be enjoined *pendente lite* and permanently from infringing MHD's and HPZ's copyrights in any manner whatsoever, and from publishing through any visual media, and from selling, marketing or otherwise distributing the said plans, images of said plans, as well as infringing structures.

67. The Defendants be required to deliver up, under oath, for impounding during the pendency of this action, and for destruction thereafter, all items which infringe MHD and HPZ copyrights, including all photographs, blueprints, film negative, magnetic tapes, digitally scanned and/or stored images, and all other articles by means of which such infringing copies may be reproduced, as well as all infringing structures which are in the possession of, or under the direct or indirect control of the Defendants.

68. That Defendants be required to pay to MHD and HPZ their actual damages sustained, in addition to all profits of Defendants attributable to the infringement, and which are not taken into

account in computing MHD's and HPZ's actual damages incurred as a result of Defendants' copyright infringement described herein.

69.     That there be an accounting of all gains, profits and advantages derived by Defendants as a result of the unlawful acts of copyright infringement as described herein.

70.     That Defendants pay MHD and HPZ their cost, including expert witness' professional fees, and attorney's fees.

71.     That Defendants be permanently enjoined from constructing, selling, transferring title and/or otherwise placing the infringing structures back into the stream of commerce; and

72.     That MHD and HPZ had such other and further relief as this court shall deem just and proper.

**PLAINTIFFS, MADDEN HOME DESIGN, LLC AND HOUSE PLAN ZONE, LLC, DEMAND A JURY TRIAL IN THIS CAUSE OF ACTION.**

Respectfully submitted, this 5th day of March 2024.

**DORTCH LINDSTROM LIVINGSTON LAW GROUP**

By: ___/s/ T. Micah Dortch___
**TIMOTHY MICAH DORTCH**
State Bar No. 24044981
Micah@dll-law.com
2613 Dallas Parkway, Suite 220
Plano, Texas 75093
Tel: (214) 393-1212
Fax: (888) 653-3299

**COUNSEL FOR PLAINTIFFS MADDEN HOME DESIGN, LLC AND HOUSE PLAN ZONE, LLC**